```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JACK RILEA SLINEY,

      Petitioner,

v.                                   Case No: 2:06-cv-670-JES-NPM

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.

---

**OPINION AND ORDER**

This matter comes before the Court on Petitioner Jack Rilea Sliney's Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. 42) and Request for Evidentiary Hearing (Doc. 43), the Secretary of the Florida Department of Corrections' Response (Doc. 48), and Sliney's Reply (Doc. 51).

In 1993, a Florida court convicted Sliney of first-degree murder and sentenced him to death. The conviction withstood direct appeal and state collateral challenges, and Sliney sought federal habeas corpus relief in this Court. He asserted six grounds for relief, but only one is relevant here. Sliney claimed his trial attorney, Kevin Shirley, rendered ineffective assistance of counsel due to an actual conflict of interest that adversely affected his performance. The ground was based on Shirley's relationship with Detective Lloyd Hamilton Sisk.

In Ground 6 of Sliney's initial federal habeas petition, he alleged that Sisk was charged with crimes against a minor years earlier. The charges were dismissed after a mistrial, but Sisk was fired from his job with the Charlotte County Sheriff's Office. Shirley represented Sisk in his appeal to the Career Services Review Board, and in a wrongful termination suit. Shirley also represented Sisk in his divorce. Both cases concluded before Sliney hired Shirley. However, Shirley was representing Sisk's son in a divorce case while representing Sliney. Shirley did not tell Sliney about his relationship with the Sisk family, even though Sisk participated in the investigation of Sliney and testified in a suppression hearing and as a rebuttal witness at trial.

The Court[1] found the Florida Supreme Court applied the correct legal standard, then explained why the rejection of Sliney's claim was a reasonable application of that standard:

> Here, as the Florida courts recognized, Petitioner has alleged a potential conflict of interest because counsel was put in a position where he had to cross-examine his former client. Lightbourne, 829 F.2d at 1023 (citation omitted)(noting potential conflict when attorney had to cross-examine his former client). The record evidence shows, however, that counsel's former client, Detective Sisk, was not the lead detective in the case against Sliney. Detective Sisk's activity in the case consisted of assisting with Petitioner's arrest and being present

---

[1] United States District Judge Charlene Edwards Honeywell decided Sliney's habeas petition. The case was reassigned to the undersigned judge on October 30, 2018.

for the initial part of Sliney's confession. Exh. A11 at 1175. Sisk's participation at trial was even more limited as he was called only as a rebuttal witness to testify about Sliney's appearance at the time of his arrest and whether he appeared intoxicated at that time. Id. at 1169-1175. Sisk testified that Sliney did not appear intoxicated during the arrest and was not physically ill while at the police station. On cross-examination, counsel elicited testimony from Sisk in which Sisk admitted that he was not in the interview room during Petitioner's taped statement and was not present with Sliney at all times during the morning of his arrest. Exh. A11 at 1174-1175. Thus, Sisk was not a critical witness to the State's case and merely provided cumulative testimony to that offered by Detective Twardzick regarding Sliney's appearance.

Indeed, counsel had previously represented Sisk in civil matters: first, a lawsuit concerning reinstatement of his employment, and then a divorce proceeding. The Court presumes that Detective Sisk shared confidential information with his counsel during these proceedings related to the subject of his representation. However, Sisk's civil cases had no relation whatsoever to Petitioner's trial. Any information counsel learned about Sisk before representing Sliney was entirely irrelevant to Sliney's case. Moreover, as the State court found, Petitioner failed to present any evidence to show that the cases were substantially and particularly related, because the only testimony collateral counsel elicited during the hearing was Petitioner Sliney's testimony. While Petitioner now submits that he is unsure what "expert" testimony he should have presented to the postconviction court, the Court's review of the record shows that the post-conviction court merely pointed out that Petitioner failed to present testimony from Attorney Shirley on the matter. Significantly, collateral counsel never elicited testimony from either Attorney Shirley or Detective Sisk during the evidentiary hearing about the scope and nature of counsel's prior representation of Sisk. Thus, the Court finds that counsel's earlier representations of Sisk were not substantially and particularly related; and, as such, counsel was not operating under an actual conflict of interest.

Assuming only <u>arguendo</u> that an actual conflict of interest existed in this case, Petitioner was also required to establish that the conflict caused an adverse effect on his representation. In denying Petitioner relief on this claim, the Florida courts focused on Petitioner's failure to establish an adverse effect. "Adverse effect" has three necessary elements that a petitioner must establish:

> First, he must point to 'some plausible alternative defense strategy or tactic [that] might have been pursued. . . . Second, he must demonstrate that the alternative strategy or tactic was reasonable under the facts. Because prejudice is presumed, . . . . the petitioner 'need not show that the defense would necessarily have been successful if [the alternative strategy or tactic] had been used, 'rather he only need prove that the alternative 'possessed sufficient substance to be a viable alternative.' . . . . Finally, he must show some link between the actual conflict and the decision to forego the alternative strategy of defense. In other words, 'he must establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.' . . . . It bears repeating, however, that '[p]rejudice is presumed only if the defendant demonstrates that . . . 'an actual conflict of interest' adversely affected his lawyer's performance.'

<u>Freund</u>, at 861.

Petitioner argues that Shirley did not cross-examine Sisk on matters Petitioner brought to his attention during trial because he was operating under a conflict of interest. The State courts determined that Petitioner failed to show an adverse effect because Petitioner did not testify to the substance of the matters he requested counsel to raise during the cross-examination of Sisk, which he alleges counsel failed to raise. Instead, the Florida Supreme Court noted that Petitioner acknowledged that counsel brought out all of the allegations he wanted, including allegations that he was intoxicated at the time of his confession. The record evidence does not

> show that counsel was impaired in his ability to cross-examine Sisk because of his prior representation of the rebuttal witness. The Florida Supreme Court's decision was not contrary to, or an unreasonable application of, this clearly established federal law.
>
> The Florida Supreme Court's decision did not involve an unreasonable determination of the facts. Therefore, Petitioner is denied relief on Ground Six.

(Doc. #25 at 53-58.)

Sliney now seeks relief from judgment under Federal Rule of Civil Procedure 60(b)(6) because he has uncovered additional details about Shirley's relationship with Sisk. In addition to the two civil matters identified in Ground 6, Shirley represented Sisk in the criminal trial that led to his firing. And while representing Sisk's son in his divorce, Shirley tried to get Sisk and his ex-wife visitation rights with their minor grandchildren. Shirley charged Sisk and his son reduced rates for his representation because he knew Sisk socially from his time working at the State Attorney's Office. Sliney supports these new factual claims with evidence, including an affidavit from Shirley, state court documents, and news articles. Sliney also attacks his prior attorneys' failure to discover and present these additional facts.

The first question the Court must answer is whether it has jurisdiction to consider Sliney's Rule 60 motion. The answer hinges on whether the Court treats the motion as a second habeas petition. That matters because 28 U.S.C. § 2244(b)(3)(A) requires state prisoners to obtain authorization from the appropriate court

of appeals before filing a second or successive habeas petition. Without such authorization, a district court may not consider a second or successive petition.

The Supreme Court held in Gonzalez v. Crosby, 545 U.S. 524 (2005) "that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits*.'" Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (quoting Gonzalez, 545 U.S. at 532). The Court gave further guidance by explaining what it meant by "on the merits":

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Gonzalez, 545 U.S. at 532 n.4 (internal citation omitted). A Rule 60(b) motion is not a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532.

Sliney argues he properly filed his motion under Rule 60(b) because he attacks a defect in the habeas proceeding—specifically,

his former collateral counsel's failure to fully investigate Shirley's conflict of interest. The Court disagrees. First, reopening the case on that basis would be futile because the ineffectiveness of collateral counsel is not a valid ground for habeas relief. Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262-63 (11th Cir. 2014) (citing Martinez v. Ryan, 566 U.S. 1 (2012)). Second, Sliney's motion seeks to reopen the case so he can relitigate a claim the Court already denied, not to correct some procedural error. Sliney's motion attacks the denial of Ground 6 "on the merits," as that phrase is used in Gonzalez. Accordingly, Sliney's motion is a second federal habeas petition. Because Sliney did not obtain authorization to file a second petition from the Eleventh Circuit, this Court lacks jurisdiction to consider it.

Alternatively, Sliney's Rule 60(b) motion is untimely. Rule 60(b)(2) allows a district court to grant relief from a judgment based on newly discovered evidence, but only on motion made within one year of the judgment. Rule 60(b)(6), the catchall provision, is not subject to the one-year requirement, but the subsections of Rule 60(b) are mutually exclusive. See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993). A party who fails to timely seek relief for newly discovered evidence may not seek relief under the catchall provision more that a year after the judgment. See id. Although Sliney purports to bring

his motion under Rule 60(b)(6), it is based on newly discovered evidence of Shirley's alleged conflict of interest. Thus, Sliney can only bring his motion under Rule 60(b)(2), and the one-year period to do so has passed. The request for a hearing will be denied as moot.

Accordingly, it is hereby

**ORDERED**:

1. Petitioner Jack Rilea Sliney's Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. 42) is **DISMISSED**.

2. Petitioner Jack Rilea Sliney's Request for Evidentiary Hearing (Doc. 43) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of March 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA-FTMP-1

Copies:
Counsel of Record